[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR CONTEMPT (#201)
This case comes to this court on a motion for contempt dated May 25, 1995 as pleading No. 201. Paragraph Five of said Motion alleges violations of Paragraph Six, Ten, Twelve, Thirteen and Seventeen of the Stipulation and Order of December 8, 1986 and the CT Page 2647 Order of April 1, 1987. (See Stipulation attached)
The parties have stipulated as of record concerning Paragraph Six except for the number of days.
The court orders as follows:
To the extent all trees, shrubs and plants ordered by the defendants must be planted or installed in the ground in order to grow on the subject premises they are to be planted or installedwithin 21 days of their arrival on the premises.
As to Paragraph Ten, it is clear the defendants are working in the "contained areas." By the admission of the wife, they are putting plants on tables, not in soil or mulch and the flowers are not imbedded in the soil or mulch. This is a clear violation of Paragraph Ten. Accordingly, the defendants are ordered to comply with Paragraph Ten of the Stipulation of December 8, 1986 forthwith.
As to Paragraph Twelve, it is clear that the bulk of the materials are kept in the pen area. Apparently some items are left out such as materials that are needed in the greenhouse. This is a technical violation, but not wilful violation since the bulk of the materials are behind the fence. Also, it is clear that the bulk of the materials are not visible from the road. The court orders that all the materials set forth in Paragraph 12 be kept in the pen area.
As to Paragraph Thirteen, the court finds that there is no proof by a preponderance of evidence that the nursery work has, in fact expanded beyond the property line at 1854 High Ridge Road. The wife testified that the trees are planted ten feet in from the line, therefore, so that even if there is intrusion beyond the evergreen plantings, there is still no violation because of the extra ten feet.
As to Paragraph 17, the forty foot set-back line was supposed to be staked out as shown as the "restricted" area of Exhibit A. The wife indicates the railroad ties outline the area marked as Exhibit A. The court finds that there are clear violations by having items for sale in the restricted area as shown in picture Exhibits 16 and 17. Although the evidence has been that these pictures were taken approximately September 5, 1995, it is clear to this court that from looking at these Exhibits that these are CT Page 2648 seasonal plants out, at or around Easter. Particularly the Easter lilies and the daffodils would not be plants sold in September.
The court finds that its standard of review is based on the standard of a fair preponderance of the evidence. It is clearCologne, et al v. West Farms Associates, 197 Conn. 141, 152, (1985) specifically spells out that "the evidence necessary to constitute the alleged contempt must have been established by sufficient proof in the court trial." Footnote 11 denotes the difference between the clear and convincing standard in the Federal Courts and in the state courts.
Accordingly, the court finds the defendants in contempt and orders compliance with the orders as set above. The court further orders each of the defendants, their employees and agents to abide by all the terms and provisions of the stipulated order dated December 8, 1986 as amended by agreement and by this order.
The defendant is ordered to pay fair and reasonable attorney's fees to the plaintiff's attorney as found by this court, in the sum of $4,800.00 by April 30, 1996.
KARAZIN, J.
 STIPULATION
 It is hereby stipulated and agreed by and between the
parties as follows:
 1. That no commercial landscaping shall be conducted from the
Defendants' premises. Laborers and equipment for the Defendants'
commercial landscaping business will not utilize the subject
premises except in the event that a commercial landscaping truck,
which will be stored off the subject premises, comes to pick up
shrubs, trees, or other product of the nursery, in accordance with
Paragraph 11 herein.
 2. That the Defendants will apply for a building permit for
the construction of a six (6') foot tall stockade pen. Such pen
shall be built within the perimeter indicated on a certain survey,
a copy of which is attached hereto as Exhibit A.
 3. That the Defendants will plant a row of shrubs along the
northerly property line of the subject premises.
CT Page 2649
 4. That the Defendants will plant a row of white pine trees
along the stone wall at the rear (westerly) property line in the
area where there is no stockade fence.
 5. That the Defendants will take the immediate necessary steps
to reflect that their nursery advertisement, contained in the
Stamford Yellow Pages, or anywhere else, does not make a reference
to any commercial landscaping business at the subject premises.
 6. That the Defendants will only place nursery orders for
shrubs and trees with the intention of planting them in the ground,
at the subject premises. All trees, shrubs, plants, must be planted
or installed in the ground in order to grow on the subject
premises.
 7. That the Defendants may keep bulk wood chips on the
premises for nursery use only; bagged peat moss, wood chips and
fertilizer may be kept on and sold from the premises.
 8. That the Defendants shall not have pallets of sod delivered
to, stored on, or sold from, the premises.
 9. That the Defendants may keep one wood chipper on the
premises.
 10. That flowers and flats may be sold from "contained areas"
behind the 40' set-back line as shown on Exhibit A. These
"contained areas" must have the perimeter enclosed and be filled
with soil or mulch, and the flowers and flats imbedded in the soil
or mulch;
 11. That the Defendants may deliver and install shrubs, trees,
or other product of the nursery grown on subject premises. Further,
that the Defendants may keep the "bobcat" tractor on the premises
and use it for the above mentioned nursery delivery and
installation, as well as for planting new product on the subject
premises.
 12. That the Defendants will keep bags of peat moss, wood
chips and fertilizer, all nursery equipment and bulk wood chips
in the pen referred to in Paragraph 2. Further, that all such
items shall not be stacked higher than the height of the pen,
six feet.
 13. That the Defendants will not expand any nursery work
CT Page 2650
beyond the existing property line at 1854 High Ridge Road.
 14. That there will be no back row sprinkling between 10:00
P.M. and 8:00 A.M.
 15. That the Defendants may reapply for a greenhouse
permit subject to and in accordance with the rules and
regulations in effect in February, 1983, when the Defendants
initially submitted their permit application. Further that the
Defendants shall reapply for such permit within (6) months from
the date that this Stipulation is accepted by the Court.
 16. That the Defendants may store one snow plow on the
premises.
 17. That a 40' set-back line in front of and to the north of
the residence shall be staked out by a surveyor as shown and
designated as "Restricted" on Exhibit A. Only permanent
planting, not for sale, shall be planted in this "Restricted"
area;
 18. That railroad ties or some other suitable boundary marker
shall be installed on said 40' set back line in front of the
residence;
 19. That for the 1986 Christmas season, seasonal trees not
buried in the ground shall be removed immediately behind the 40'
set-back line;
 20. That seasonal items which have been grown on the premises
may be displayed for sale, after removal from the ground, behind
the 40' set-back line;
 21. That no wreaths or other similar seasonal items not grown
on the premises may be sold;
 22. That all of the items in this stipulation requiring
implementation by the defendants shall be completed as soon as
practicable, but in no event later than April 30, 1987;
 23. That the Defendants recognize this stipulation will be
entered as a Judgment of the Court, and that any violations thereof
may be enforced by contempt proceedings by the Plaintiff, City of
Stamford.
CT Page 2651
THE PLAINTIFF THE DEFENDANT
BY _______________________ BY ______________________
 Deborah M. Steeves Ross S. Rapaport
 Rapaport Benedict, P.C.
 Their Attorneys
 _______________________
 Gerardo Malagisi
 _______________________
 Maria Malagisi